OPINION OF THE COURT
John P. Collins, J.
The defendant moves to dismiss a Criminal Court complaint, charging the defendant with various misdemeanors and offenses, on the ground that the defendant’s Sixth and Fourteenth Amendment rights have been violated.
On March 20, 1978, the defendant, Joseph Doherty, was involved in a "dispute” with a parking enforcement agent. The police made no arrest of either individual but referred both parties to the Summons Part-1B of the Criminal Court at 346 Broadway, Manhattan. The parties obtained cross "summonses”. The parking enforcement agent was represented by an attorney while Doherty was not. The court ordered a misdemeanor complaint drawn against Doherty on June 24, 1978, charging him with violation of sections 120.20, 195.05 and 240.25 of the Penal Law. Doherty’s request for prosecu *879 tion of the parking enforcement agent was denied. The criminal complaint against Doherty has now been transferred for trial to one of the All Purpose Parts of the Criminal Court in Bronx County.
The defendant contends that the proceeding at 346 Broadway was critical in determining if he was to be charged with a crime; that he was not advised of his rights to an attorney or free legal assistance and that if he had been questioned by the police before arrest, he would be entitled to an attorney.
The People oppose dismissal alleging that there has been no violation of the defendant’s rights. The District Attorney states that the Summons Part screens frivolous allegations, determines whether a complaint should be issued and decides if probable cause exists. The People maintain that the issuance of a complaint at 346 Broadway is not critical to the determination of the defendant’s guilt or innocence and hence no representation is required.
The question to be answered by the court is must a Judge in the Summons Part of Criminal Court advise a respondent or a prospective defendant — appearing for the purpose of determining whether a complaint should be issued against him — of his right to counsel and the free assistance of counsel?
Some knowledge of the history and operation of the Summons Part — now a misnomer, since summonses are no longer issued in these circumstances — is essential to fully comprehend the issue.
Prior to 1971, a police officer could make an arrest for a misdemeanor only where he had reasonable cause to believe that the crime had been committed in his presence. (See former Code Crim Pro, § 177.) This had been the law since 1881. A private citizen could arrest for a crime committed in his presence (see former Code Crim Pro, § 183) but he was, of course, liable for false arrest. A Judge ordering an arrest is insulated from liability by reason of section 59 of the New York City Criminal Court Act.
The rules of the Criminal Court, as established in 1962, provided for a Summons Part of the Criminal Court, although such Part existed long before that date. A Summons Part existed in each city borough until 1975, when they were consolidated in one court at 346 Broadway in New York County. About 125 persons appear each day seeking "requests to appear”. A "request to appear” is a document to be served on the respondent requesting his future appearance. On the *880 return date, the Judge hears the complainant and usually the respondent, if he appears and wishes to be heard. Some litigants are represented by counsel although most are not. No prosecutor is present. The Judge inquires and investigates into the subject matter of the complaint similar to a police officer or an Assistant District Attorney. A stenographic record is kept of the proceedings but has not been presented by the defendant in the instant case.
The procedure used by the Judge, namely, to inquire and investigate, was mandated by subdivision (6) of 57 of the New York City Criminal Court Act. This section as well as other significant sections were repealed in 1971, thus weakening the statutory authority for the powers of the Summons Part. It can be argued, however, that the Judge retains this power to inquire and investigate by reason of section 50 of the New York City Criminal Court. This section states in pertinent part, "that any person to whom permission is refused to make and verify a complaint and who is thereby aggrieved will be heard upon application to the judge in person before the closing of the pending session of the court.” It should be noted that prior to 1967, in New York City, the preparation of misdemeanor and felony complaints was a function of the court. Subsequent to that date this function was transferred administratively to the various District Attorneys except as to the Summons Part of the Criminal Court.
After listening to the parties, the Judge in the Summons Part may direct the litigants to an outside agency for arbitration, order that the matter be prosecuted or dismiss the allegations. If he determines that reasonable cause exists to believe that the respondent or prospective defendant committed a crime or offense — pursuant to CPL 180.70 — a Criminal Court complaint will be ordered drawn. The defendant will then be arraigned and the complaint referred to the appropriate county to be prosecuted by the District Attorney. Only about six complaints are ordered drawn each day.
The Summons Part of the court does serve the purpose of diverting less serious matters away from the court, preventing more serious crimes from occurring by intervening in these less serious disputes and eliminating baseless allegations, thus preventing possible embarrassment to respondents. Parenthetically, one might seriously question whether in this era a Judge, rather than the prosecutor or police, should determine if an individual is to be charged and prosecuted. While this *881 part of the court formerly was a necessity, it now serves only as a convenience for the prosecutor and police. (See CPL 140.10, 150.20, subd 1, and the accompanying Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A.)
This court turns once again to the single question before it and decides the issue in the negative. A Judge in the Summons Part need not advise a respondent — appearing for the purpose of determining if he should be charged with a crime— of a right to counsel and free assistance of counsel.
The respondent — assuming he is questioned — in the Summons Part is in no different position than an individual being questioned by the police or District Attorney during a similar investigation. No custodial interrogation has taken place. (See Miranda v Arizona, 384 US 436; Oregon v Mathiason, 429 US 492; People v Yukl, 25 NY2d 585.)
No violation of the defendant’s right to counsel or his right of due process has occurred.
Accordingly, the motion to dismiss is denied.